IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| AllSouth Federal Credit Union, | ) | Civil Action No. 3:13-cv-01035-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | AMENDED ORDER REQUIRING |
| | ) | PRODUCTION OF DOCUMENTS |
| John Does and Jane Does, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

WHEREAS, Plaintiff, AllSouth Federal Credit Union ("AllSouth") contends that it was the victim of a SMS phishing scam;

WHEREAS, Plaintiff has alleged in its complaint that a user, customer, or subscriber of Comcast Cable Communications, LLC ("Comcast") fraudulently accessed AllSouth's online banking system and attempted to make unlawful and unauthorized bank transfers during the relevant time period;

WHEREAS, IP addresses, 74.92.117.190 and 173.166.26.90, are connected to several of the allegedly unauthorized transactions and the Internet Service Provider connected with the IP addresses has been identified as Comcast;

WHEREAS, the information sought by AllSouth may not be obtained from any other source, is material to the issues involved in this case, and is essential to the identification of Defendants in this matter.

NOW THEREFORE, this Court grants the Plaintiff's Motion, and it is hereby ORDERED that Comcast, pursuant to the Cable Communication Policy Act, 47 U.S.C. § 551, disclose the following subscriber information relating to IP addresses 74.92.117.190 and 173.166.26.90, for

the dates of April 1 through April 20, 2013 provided  (a) Comcast have seven (7) calendar days after service of the subpoena to notify subscribers that their identity is sought by Plaintiff; (b) each subscriber whose identity is sought have twenty one (21) calendar days from the date of such Comcast notice to file any papers contesting the disclosure of such information; and (c) payment to Comcast by Plaintiff of all reasonable costs of: (i) compiling the requested information; (ii) providing pre-disclosure notifications to subscribers; and (iii) all other reasonable costs and fees incurred in responding to discovery.

- Name;
- Address;
- Length of service (including start date);
- Types of service utilized;
- Telephone or instrument number, or other subscriber identity (including any temporarily assigned network address); and
- Means and source of payment (including any credit card or bank account number).

IT IS FURTHER ORDERED THAT if any of the subscriber information requested above is no longer available for this period, Comcast shall then provide the earliest available subscriber information that is the closest to the original requested dates.

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiff in response to the subpoena issued under Rule 45 of the Federal Rules of Civil Procedure may be used by Plaintiff solely for the purpose of protecting Plaintiffs' rights under the Trademark Act of 1946 as amended, 15 U.S.C. §§ 1051 et seq. (the "Lanham Act"), the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq., and the laws of the state of South Carolina as enumerated in the Complaint.

IT IS FURTHER ORDERED THAT any subpoena issued pursuant to this order shall be deemed an appropriate court order under 47 U.S.C. § 551.

IT IS FURTHER ORDERED THAT good faith attempts by Comcast to notify the subscriber(s) shall constitute compliance with this order.

IT IS SO ORDERED.

June 3, 2013  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

3